UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MITCHELL P. COOK, | * | CIVIL ACTION |
|     PETITIONER | * | |
| | * | NO. 23-cv-6460 |
| VERSUS | * | |
| | * | SECTION "R" (1) |
| DUSTIN BICKHAM, WARDEN | * | |
|     RESPONDENT | * | |

RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF

OVERVIEW

    Mitchell P. Cook is a state prisoner incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. He is serving a ten year sentence as a result of his conviction for operation of a motor vehicle while intoxicated, fourth offense (La. R.S. 14:98.4). Cook has petitioned this Court for a writ of habeas corpus, contending that his incarceration is in violation of his rights under the United States Constitution.

    Because Cook's petition lacks merit, the Court should dismiss the petition with prejudice and otherwise deny relief.

## TABLE OF CONTENTS

OVERVIEW ............................................................................................................................1

PRELIMINARY MATTERS ..................................................................................................3

    1.    Custody ........................................................................................................3

    2.    The state court record ..................................................................................3

    3.    The facts of the case ....................................................................................3

    4.    The petitioner's claim ..................................................................................3

PROCEDURAL HISTORY .....................................................................................................4

    1.    Proceedings leading to conviction and sentence .........................................4

    2.    Direct review proceedings ...........................................................................6

    3.    Post-conviction proceedings ........................................................................6

TIMELINESS .........................................................................................................................10

EXHAUSTION AND PROCEDURAL DEFAULT .............................................................10

MERITS REVIEW .................................................................................................................10

CONCLUSION AND PRAYER ............................................................................................14

CERTIFICATE OF SERVICE ...............................................................................................15

PRELIMINARY MATTERS

1.   **Custody.**

The respondent does not dispute that the petitioner is in custody.

2.   **The state court record.**

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

3.   **The facts of the case.**

The record indicates that, on February 24, 2021, at approximately 2:30pm, "there was a car accident, and [the petitioner] blew a .212."[1]

4.   **The petitioner's claim.**

The petitioner's claim reads verbatim as follows (Rec. Doc. 3-1, pg. 1).

> I was charged with Misdemeanor D.W.I. It was enhanced to 4th Subsequent. When I went to Misdemeanor Court Judge Labello stated he was supposed to have me rearrested and booked with a felony. However, Since I was in Re-hab he Verbally Sent me back to Re-hab and to return in 30 days prepared to be rearrested. (Due process) This did not happen. I was detained by parole officer then put before Judge Swartz felony Court. I took plea because I knew it was no good. I've been fighting the Conviction Since to no avail. "Transcripts changed" "motions" to Judge Labello blocked, motion for Audio on altered transcripts denied. And now Transcripts on hearing for Audio not being produced because it will Show the crimes committed by the Courts of the 22nd Judicial to keep an unconstitutional Conviction.

---

1   See SCR, Vol. 1, at 102, lines 17-22 (statement of prosecutor during plea colloquy); see also id., pp. 65-67 (arrest report).

PROCEDURAL HISTORY

1.  **Proceedings leading to conviction and sentence.**

| | | |
|---|---|---|
| Feb. 24, 2021 | The petitioner is issued a summons for first-offense DWI and various other traffic misdemeanors. | SCR, Vol. 1, pp. 14, 65-67. |
| April 19, 2021 | The district attorney files two bills of information, one alleging the commission of a fourth-offense DWI (1879-F-2021) and one alleging the commission of various misdemeanor traffic offenses (1880-M-2021).[2] | SCR, Vol. 1, pg. 13. |
| April 23, 2021 | The petitioner appears in the misdemeanor courtroom for arraignment. Arraignment is continued to a later date. | SCR, Vol. 1, pg. 2. |
| May 19, 2021 | The petitioner appears for arraignment and is appointed counsel. He pleads not guilty. | SCR, Vol. 1, pg. 3. |
| June 23, 2021 | The case is set on the docket for "all pro se motions" but is continued by the court until June 30, 2021. | SCR, Vol. 1, pg. 4. |
| June 30, 2021 | The court takes up the petitioner's "Pro-Se Motion for Co-Counsel." That motion is withdrawn following a discussion between petitioner and his appointed counsel. | SCR, Vol. 1, pp. 5, 20. |
| July 26, 2021 | The petitioner files a writ application with the First Circuit Court of Appeal, asking them to order the district court to rule on his *pro se* motions. The application is assigned First Circuit Court of Appeal docket number 2021-KW-0848. | SCR, Vol. 2, pp. 1-4. |
| August 11, 2021 | The petitioner informs the Court of his desire to proceed *pro se*. The court | SCR, Vol. 1, pg. 6. |

---

2  Louisiana law generally prohibits the joinder of misdemeanor and felony offenses in a single bill of information. *See* La. C.Cr.P. art. 493 (joinder requires that "the offenses joined must be triable by the same mode of trial"); La. C.Cr.P. art. 782 (felony offenses require trial by jury); La. C.Cr.P. art. 779(B) (most misdemeanor offenses require trial by judge).

|  | discharges appointed counsel. |  |
|---|---|---|
| October 18, 2021 | The First Circuit Court of Appeal grants the defendant's writ application, and orders the district court "to proceed towards disposition" of the petitioner's *pro se* motions. | SCR, Vol. 2, pp. 4-5. |
| November 8, 2021 | The petitioner confirms his desire to proceed *pro se* and then pleads guilty as charged to fourth-offense DWI with an agreed upon ten-year sentence (docket 1879-F-2021).. The outstanding motions are deemed waived  The district attorney dismisses the prosecution for the related misdemeanor offenses (1880-M-2021). | SCR, Vol. 1, pp. 11-12, 48, 97-121. |

**2.     Direct review proceedings.**

The defendant did not appeal his conviction and sentence, having waived that right as part of his guilty plea. See SCR, Vol. 1, pg. 112, lines 7-12.

**3.     Post-conviction proceedings.**

The proceedings subsequent to conviction and sentencing are as follows:

*i.*

The petitioner submitted an application for post-conviction relief on December 9, 2021. SCR, Vol. 1, pp. 49-56. The form used by the petitioner is the standardized form for federal habeas corpus petitions, but in it he indicates, "this is my PCR." SCR, Vol. 1, pg. 51 (answer to question 16f).

The petitioner's claim reads in its entirety as follows:

> GROUND ONE: DUE PROCESS
>
> (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
>
> I was arrested Feb. 23, 2021 Misdemeanor DWI, went to court April 23, 2021 & was told it had been enhanced to a Feloney & that I was supposed to be rearrested, however, the Judge reviewed my paper work stating that I was in RE-hab. The Judge ordered me back to Re-hab and to return in 30 days prepared to Bond out, (Be Re-arrested). A Requirement! I reported to parole office minutes later only to be arrested, and told I could not bond out on a feloney. I've never been Rearrested as required by law and booked w/ Feloney.
>
> (b) If you did not exhaust your state remedies on Ground One, explain why:
>
> Parole officer thought I was rearrested and Bonded out spending thousands of dollars only for him to arrest me on a parole violation that didn't yet "exist." Laughing stating "at least you are bonded out, if you beat the charge or violate yourself" and complette your parole time. "SKULL DUGGERY", however, he was incorrect about my situation and should have just put a parole hold on me when I was rearrested to prevent this situation. Organized Crime at it's finist!

SCR, Vol. 1, pg. 50.

The district court on December 21, 2021, ordered the district attorney to answer the application for post-conviction relief (SCR, Vol. 1, pg. 57). The district attorney on January 24, 2022, moved for an extension of time in which to file the answer (SCR, Vol. 1, pg. 58). The district court granted the district attorney until February 24, 2022, to file the answer (SCR, Vol. 1, pg. 59).

But on January 31, 2022—before the district attorney's answer was due—the petitioner applied for a writ of mandamus from the First Circuit Court of Appeal (SCR, Vol. 3, pp. 1-4). This application was assigned First Circuit Court of Appeal docket number 2022-KW-0109 (SCR, Vol. 3).

The district attorney filed its answer on February 10, 2022, arguing that the petitioner's claim was waived by his entry of his guilty plea (SCR, Vol. 1, pp. 61-70).

Specifically, the district attorney argued:

> While Petitioner Cook's claim is not a model of lucidity, he appears to be complaining that he was ever "rearrested" and "booked w/ felony" following the institution of prosecution by the district attorney. The [petitioner], however, tendered an unconditional plea of guilty. For that reason, he is barred from asserting this claim.

SCR, Vol. 1, pg. 62.

The trial court denied relief on February 16, 2022, as follows: "The Court finds that the claims urged by the defendant are non-jurisdictional in nature and have been waived by the entry of the guilty plea. *State v. Crosby*, 338 So.2d 584 (La. 1976); *Tollett v. Henderson*, 411 U.S. 258 (1973)." SCR, Vol. 1, pg. 71 & n. 1.

The petitioner timely sought review of this decision from the First Circuit Court of Appeal (SCR, Vol. 4, pp. 1-5). This application was assigned First Circuit Court of Appeal docket number 2022-KW-0280.

The First Circuit Court of Appeal denied the petitioner's first writ application, the one seeking mandamus relief, on May 9, 2022 (SCR, Vol. 3, pp. 8-9) (docket 2022-KW-0109).

The petitioner timely sought further review from the Louisiana Supreme Court (SCR, Vol. 5, pp. 2-10) (docket 2022-KH-00835). In seeking review from the Louisiana Supreme Court, the petitioner attached both the writ action from the First Circuit in which his application for mandamus was denied (docket 2022-KW-0109) and the "Notice of Writ" from the First Circuit acknowledging receipt of his writ application from the denial of his application for post-conviction relief (docket 2022-KW-0280). *See* SCR, Vol. 5, pp. 6, 7.

The Louisiana First Circuit Court of Appeal denied relief in connection with the petitioner's second writ application (docket 2022-KW-0280) on July 5, 2022. SCR, Vol. 4, pp. 6-7. The petitioner did not seek further review of this decision.

The Louisiana Supreme Court denied writs in docket number 2022-KH-00835 on October 18, 2022. SCR, Vol. 5, pg. 1.

### ii.

Following the denial of writs by the Louisiana Supreme Court, the defendant filed five motions with the state district court.

On November 7, 2022, the petitioner submitted a *Motion for Production of Documents*, which was denied on November 17, 2022 (SCR, Vol. 1, pg. 73).

On November 28, 2022, the petitioner submitted a *Motion for Transcripts*, which was granted on December 6, 2022 (SCR, Vol. 1, pg. 74).

On March 1, 2023, the petitioner submitted a *Motion of Clarification*, in which he asked the court "to compell [sic] jail credits of 199 days for Docket # 1879-F-2021 to Mitchell Cook on his DOC RAP Sheet." The trial court denied the motion on March 9, 2023 , explaining: "Court gave defendant credit for time served subsequent to arrest on this charge and subsequent conviction. Court does not compute time, that is a function performed by DOC" (SCR, Vol. 1, pg. 75-76).

On April 3, 2023, the petitioner submitted an *Application for Appointment of Counsel*, which was denied April 24, 2023 (SCR, Vol. 1, pg. 81-83). The text of the motion references a "Motion for Audio/Video Transcript" (SCR, Vol. 1, pg. 81), but no such motion is contained in the state court record. It seems that the "Motion for

Audio/Video Transcript" was filed and heard on May 15, 2023, under docket number 1880-M-1880 (concerning the misdemeanor offenses which were dismissed) rather than under docket number 1879-F-1880 (the docket number for the offense of conviction).[3]

On May 22, 2023, the petitioner filed with the district court a motion for production of the transcript of the proceedings held May 15, 2023 (SCR, Vol. 1, pp. 85-87).

On May 29, 2023, the petitioner filed a writ application with the First Circuit Court of Appeal concerning the denial of his Motion for Audio/Video Transcript. SCR, Vol. 6, pp. 1-4 (First Circuit docket number 2023-KW-0537).

While this writ application was pending, the district court granted the petitioner's motion for production of the May 15 transcript. SCR, Vol. 1, pg. 88.

On August 14, 2023, the writ application docketed as 2023-KW-0537 was denied "on the showing made" due to the petitioner's failure to include the documents necessary for evaluation of the petitioner's claims. SCR, Vol. 6, pp. 5-6.

On August 28, 2023, the petitioner filed a writ application with the First Circuit Court of Appeal concerning the production of the transcript of the proceedings from May 15, 2023—specifically, the district court had ordered the production of the transcript, but the petitioner had not yet received the transcript. This was docketed as case number 2023-KW-0836 (SCR, Vol. 7, pp. 1-4). The First Circuit Court of

---

3 *See* SCR, Vol. 1, pg. 91 (copy of minute entry dated May 15, 2023, which bears docket number 1880-M-2021); *id.* at 90 (copy of correspondence from district court clerk, informing petitioner that the minute entry from May 15, 2023 is enclosed and also informing him that "our office is unable to provide a minute entry for case 1879-F-2021, due to no Motion for Audio and Video Transcript being filed into the case [bearing that docket number]"). *See also* SCR, Vol. 1, pg. 14 (copy of summons listing related misdemeanor offenses); SCR, Vol. 1, pg. 103, lines 26-32 (portion of transcript of plea colloquy where prosecutor dismissed those misdemeanor offenses).

Appeal granted this writ application on October 23, 2023, and transferred it to the district court "for enforcement of its June 7, 2023 order in which it granted relator's Motion for Transcript" (SCR, Vol. 7, pg. 10).

## TIMELINESS

The respondent does not allege that habeas corpus petition was filed untimely.

## EXHAUSTION AND PROCEDURAL DEFAULT

The respondent does not allege that the petitioner's claims are unexhausted or in procedural default. The respondent recognizes that an exhaustion argument could be made, but chooses not to make that argument. *See* 28 U.S.C. § 2254(b)(2), (b)(3).

## MERITS REVIEW

### I.

Cook's claim was adjudicated on the merits. *See* SCR, Vol. 1, pg. 71 & n. 1 (finding the petitioner's claim to have been waived by the entry of his guilty plea, citing *Tollett v. Henderson*, 411 U.S. 258 (1973)); *then see* SCR Vols. 3, 4, 5 (denial of writs by higher courts without additional commentary); *see also Wilson v. Sellers*, 584 U.S. —, 138 S. Ct. 1188 (2018) (habeas "look through" doctrine).

Because the Court is familiar with AEDPA's standards governing merits review, the respondent need not and does not expound upon those standards.

### II.

Under *Tollett v. Henderson*, when a criminal defendant pleads guilty, he may not thereafter raise "independent claims relating to the deprivation of rights that occurred prior to entry of the guilty plea." 411 U.S. 258, 267 (1973).

Again, the petitioner's claim reads as follows:



Rec. Doc. 3-1, pg. 1.

The pertinent context facts are as follows. The defendant was involved in a single-car accident. He was, when encountered by officers on the scene, "belligerent and emotional." SCR, Vol. 1, pp. 65-66 (police report). The investigating officer handcuffed him, put him in the back of a police car, and brought him to the Slidell Police Department. *Id.*, pg. 66. Ultimately, however, the officer did not book him into the jail: "After completing the necessary paperwork Cook was released on a

summons." *Id.*, pg. 67; *see also* SCR, Vol. 1, pg. 14 (copy of summons).

The summons directed the petitioner to appear in court on April 23, 2021. SCR, Vol. 1, pg. 14. The petitioner claims that he "went to misdemeanor court" and spoke to "Judge Lobello." Rec. Doc. 3-1, pg. 1. This is consistent with the state court record: there is a minute entry dated April 23, 2021, with the "location" listed as "misdemeanor courtroom", in which the presiding judge is listed as "Hon. Vincent J. Lobello." SCR, Vol. 1, pg. 2. It is also consistent with the fact that the summons listed only misdemeanor offenses, including but not limited to first-offense DWI ("14:98 1st offense"). SCR, Vol. 1, pg. 14.

The minutes reflect: "Court continued arraignment and Motion to Set Bond to May 19, 2021." SCR, Vol. 1, pg. 2.[1] According to the petitioner, "Judge Lobello stated he was supposed to have me rearrested and booked with a felony," and "[t]his did not happen." Rec. Doc. 3-1, pg. 1.

The state court record, when viewed alongside the petitioner's claims, indicates that Judge Lobello's statement to him was made on <u>April 23, 2021</u> (SCR, Vol. 1, pg. 2). The state court record reflects that the petitioner pleaded guilty on <u>November 8, 2021</u> (SCR, Vol. 1, pp. 11-12, 48, 97-121).

---

1   The issue of bond arose because the petitioner was arrested for violating the terms of his parole. That is, even though the investigating officer issued a summons, the petitioner's parole officer later arrested him because the conduct underlying the summons violated the conditions of parole. See SCR, Vol. 1, pg. 43 (pro se pleading indicating that the petitioner was "detained by parole officer" upon appearing in court on April 23, 2021); *see also id.* at pg. 50 (describing this state of affairs as "skullduggery").

### III.

The respondent agrees that the defendant was not "booked" anew after the district attorney instituted prosecution for fourth-offense DWI.

This was not, as the petitioner claims, a constitutional violation. The Constitution has nothing to say about minutiae of booking when the prosecutor proceeds with a different statutory violation ( 4th offense DWI) than the one alleged by the officer who encountered the defendant on the street (1st offense DWI).

But even if it were a constitutional violation, this claim is one "relating to the deprivation of rights that occurred prior to entry of the guilty plea," *Tollett v. Henderson*, *supra*, because the claim arises from events occurring April 23, 2021 and the guilty plea was entered November 8, 2021.

The applicable jurisprudence provides:

> It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Barnes v. Lynaugh*, 817 F.2d 336, 338 (5th Cir.1987). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett,* 411 U.S. at 267; *Barnes*, 817 F.2d at 338.

*Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000).

The petitioner's claim does not does not challenge the power of the State to bring him into court. He otherwise does not suggest that his plea lacks any of the characteristics that the Supreme Court has held make up a voluntary and

intelligent plea. The state courts therefore correctly ruled that the petitioner's claim is barred by the entry of his guilty plea.

The petitioner fails to demonstrate that the state court's denial of relief issue was contrary to, or an unreasonable application of, clearly established federal law. There is no merit to the petitioner's sole claim for habeas relief.

**IV.**

Finally, to the extent that the petitioner complains about the denial of the production of the audio recordings of the April 23, 2021 proceedings, that complaint does not provide a basis for the granting of habeas corpus relief because "infirmities in state postconviction proceedings are not grounds for relief under § 2254." *In re Palacios*, 58 F.4th 189, 190 & n. 9 (5th Cir. 2023).

CONCLUSION AND PRAYER

The petitioner fails to demonstrate that he is entitled to habeas corpus relief. The respondent respectfully prays that the Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading by sending it via USPS first-class mail, addressed as follows:

> Mitchell P. Cook, DOC # 402967
> Dixon Correctional Institute
> P.O. Box 788
> Jackson, LA 70748
> *Petitioner, pro se*

This the 3rd day of January, 2023, at Covington, Louisiana.

                                                /s/ Matthew Caplan
                                                Matthew Caplan, #31650
                                                Assistant District Attorney