## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MITCHELL P. COOK, | * | CIVIL ACTION |
| PETITIONER | * | |
| | * | NO. 23-cv-6460 |
| VERSUS | * | |
| | * | SECTION "R" (1) |
| DUSTIN BICKHAM, WARDEN | * | |
| RESPONDENT | * | |

### RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF

#### OVERVIEW

Mitchell P. Cook is a state prisoner incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. He is serving a ten year sentence as a result of his conviction for operation of a motor vehicle while intoxicated, fourth offense (La. R.S. 14:98.4). Cook has petitioned this Court for a writ of habeas corpus, contending that his incarceration is in violation of his rights under the United States Constitution.

Because Cook's petition lacks merit, the Court should dismiss the petition with prejudice and otherwise deny relief.

## TABLE OF CONTENTS

OVERVIEW..............................................................................................1

PRELIMINARY MATTERS.....................................................................3

     1.    Custody...........................................................................3

     2.    The state court record...................................................3

     3.    The facts of the case....................................................3

     4.    The petitioner's claim..................................................3

PROCEDURAL HISTORY..........................................................................4

     1.    Proceedings leading to conviction and sentence..............4

     2.    Direct review proceedings.............................................6

     3.    Post-conviction proceedings..........................................6

TIMELINESS.............................................................................................10

EXHAUSTION AND PROCEDURAL DEFAULT.......................................10

MERITS REVIEW........................................................................................10

CONCLUSION AND PRAYER....................................................................14

CERTIFICATE OF SERVICE....................................................................15

<u>PRELIMINARY MATTERS</u>

**1.    Custody.**

The respondent does not dispute that the petitioner is in custody.

**2.    The state court record.**

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

**3.    The facts of the case.**

The record indicates that, on February 24, 2021, at approximately 2:30pm, "there was a car accident, and [the petitioner] blew a .212."[1]

**4.    The petitioner's claim.**

The petitioner's claim reads verbatim as follows (Rec. Doc. 3-1, pg. 1).



---

1  See SCR, Vol. 1, at 102, lines 17-22 (statement of prosecutor during plea colloquy); see also id., pp. 65-67 (arrest report).

## PROCEDURAL HISTORY

**1.      Proceedings leading to conviction and sentence.**

| | | |
|---|---|---|
| Feb. 24, 2021 | The petitioner is issued a summons for first-offense DWI and various other traffic misdemeanors. | SCR, Vol. 1, pp. 14, 65-67. |
| April 19, 2021 | The district attorney files two bills of information, one alleging the commission of a fourth-offense DWI (1879-F-2021) and one alleging the commission of various misdemeanor traffic offenses (1880-M-2021).[2] | SCR, Vol. 1, pg. 13. |
| April 23, 2021 | The petitioner appears in the misdemeanor courtroom for arraignment. Arraignment is continued to a later date. | SCR, Vol. 1, pg. 2. |
| May 19, 2021 | The petitioner appears for arraignment and is appointed counsel. He pleads not guilty. | SCR, Vol. 1, pg. 3. |
| June 23, 2021 | The case is set on the docket for "all pro se motions" but is continued by the court until June 30, 2021. | SCR, Vol. 1, pg. 4. |
| June 30, 2021 | The court takes up the petitioner's "Pro-Se Motion for Co-Counsel." That motion is withdrawn following a discussion between petitioner and his appointed counsel. | SCR, Vol. 1, pp. 5, 20. |
| July 26, 2021 | The petitioner files a writ application with the First Circuit Court of Appeal, asking them to order the district court to rule on his *pro se* motions. The application is assigned First Circuit Court of Appeal docket number 2021-KW-0848. | SCR, Vol. 2, pp. 1-4. |
| August 11, 2021 | The petitioner informs the Court of his desire to proceed *pro se*. The court | SCR, Vol. 1, pg. 6. |

2   Louisiana law generally prohibits the joinder of misdemeanor and felony offenses in a single bill of information. *See* La. C.Cr.P. art. 493 (joinder requires that "the offenses joined must be triable by the same mode of trial"); La. C.Cr.P. art. 782 (felony offenses require trial by jury); La. C.Cr.P. art. 779(B) (most misdemeanor offenses require trial by judge).

|  | discharges appointed counsel. |  |
|---|---|---|
| October 18, 2021 | The First Circuit Court of Appeal grants the defendant's writ application, and orders the district court "to proceed towards disposition" of the petitioner's *pro se* motions. | SCR, Vol. 2, pp. 4-5. |
| November 8, 2021 | The petitioner confirms his desire to proceed *pro se* and then pleads guilty as charged to fourth-offense DWI with an agreed upon ten-year sentence (docket 1879-F-2021).. The outstanding motions are deemed waived  The district attorney dismisses the prosecution for the related misdemeanor offenses (1880-M-2021). | SCR, Vol. 1, pp. 11-12, 48, 97-121. |

2.    **Direct review proceedings.**

The defendant did not appeal his conviction and sentence, having waived

that right as part of his guilty plea. See SCR, Vol. 1, pg. 112, lines 7-12.

3.    **Post-conviction proceedings.**

The proceedings subsequent to conviction and sentencing are as follows:

*i.*

The petitioner submitted an application for post-conviction relief on

December 9, 2021. SCR, Vol. 1, pp. 49-56. The form used by the petitioner is the

standardized form for federal habeas corpus petitions, but in it he indicates, "this is

my PCR." SCR, Vol. 1, pg. 51 (answer to question 16f).

The petitioner's claim reads in its entirety as follows:

GROUND ONE: *DUE PROCESS*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was arrested feb 23, 2021 misdemeanor DWI, went to court April 28, 2021 & was told it had been enhanced to a Feloney & that I was supposed to be rearrested however, the Judge reviewed my paper work stating that I was in RE-hab. The Judge ordered me back to Re-hab and to return in 30 days prepared to Bond out, (Be Re-arrested). A Requirement! I reported to parole office minutes later only to be arrested and told I could not bond out on a Feloney. I've never been Rearrested as required by law and booked w/ Feloney

(b) If you did not exhaust your state remedies on Ground One, explain why:

Parole officer thought I was rearrested and Bonded out spending thousands, of dollars only for him to arrest me on a parole violation that didn't yet "exist." Laughing stating at least you are bonded out if you beat the charge or violate yourself and complete your parole time. "SKULL DUGGERY" however, he was incorrect about my situation and should have just put a parole hold on me when I was rearrested to prevent this situation. Organized crime at it's finist!

SCR, Vol. 1, pg. 50.

    The district court on December 21, 2021, ordered the district attorney to answer the application for post-conviction relief (SCR, Vol. 1, pg. 57). The district attorney on January 24, 2022, moved for an extension of time in which to file the answer (SCR, Vol. 1, pg. 58). The district court granted the district attorney until February 24, 2022, to file the answer (SCR, Vol. 1, pg. 59).

    But on January 31, 2022—before the district attorney's answer was due—the petitioner applied for a writ of mandamus from the First Circuit Court of Appeal (SCR, Vol. 3, pp. 1-4). This application was assigned First Circuit Court of Appeal docket number 2022-KW-0109 (SCR, Vol. 3).

    The district attorney filed its answer on February 10, 2022, arguing that the petitioner's claim was waived by his entry of his guilty plea (SCR, Vol. 1, pp. 61-70).

Specifically, the district attorney argued:

> While Petitioner Cook's claim is not a model of lucidity, he appears to be complaining that he was ever "rearrested" and "booked w/ felony" following the institution of prosecution by the district attorney. The [petitioner], however, tendered an unconditional plea of guilty. For that reason, he is barred from asserting this claim.

SCR, Vol. 1, pg. 62.

The trial court denied relief on February 16, 2022, as follows: "The Court finds that the claims urged by the defendant are non-jurisdictional in nature and have been waived by the entry of the guilty plea. *State v. Crosby*, 338 So.2d 584 (La. 1976); *Tollett v. Henderson*, 411 U.S. 258 (1973)." SCR, Vol. 1, pg. 71 & n. 1.

The petitioner timely sought review of this decision from the First Circuit Court of Appeal (SCR, Vol. 4, pp. 1-5). This application was assigned First Circuit Court of Appeal docket number 2022-KW-0280.

The First Circuit Court of Appeal denied the petitioner's first writ application, the one seeking mandamus relief, on May 9, 2022 (SCR, Vol. 3, pp. 8-9) (docket 2022-KW-0109).

The petitioner timely sought further review from the Louisiana Supreme Court (SCR, Vol. 5, pp. 2-10) (docket 2022-KH-00835). In seeking review from the Louisiana Supreme Court, the petitioner attached both the writ action from the First Circuit in which his application for mandamus was denied (docket 2022-KW-0109) and the "Notice of Writ" from the First Circuit acknowledging receipt of his writ application from the denial of his application for post-conviction relief (docket 2022-KW-0280). *See* SCR, Vol. 5, pp. 6, 7.

The Louisiana First Circuit Court of Appeal denied relief in connection with the petitioner's second writ application (docket 2022-KW-0280) on July 5, 2022. SCR, Vol. 4, pp. 6-7. The petitioner did not seek further review of this decision.

The Louisiana Supreme Court denied writs in docket number 2022-KH-00835 on <u>October 18, 2022</u>. SCR, Vol. 5, pg. 1.

*ii.*

Following the denial of writs by the Louisiana Supreme Court, the defendant filed five motions with the state district court.

On November 7, 2022, the petitioner submitted a *Motion for Production of Documents*, which was denied on November 17, 2022 (SCR, Vol. 1, pg. 73).

On November 28, 2022, the petitioner submitted a *Motion for Transcripts*, which was granted on December 6, 2022 (SCR, Vol. 1, pg. 74).

On March 1, 2023, the petitioner submitted a *Motion of Clarification*, in which he asked the court "to compell [sic] jail credits of 199 days for Docket # 1879-F-2021 to Mitchell Cook on his DOC RAP Sheet." The trial court denied the motion on March 9, 2023 , explaining: "Court gave defendant credit for time served subsequent to arrest on this charge and subsequent conviction. Court does not compute time, that is a function performed by DOC" (SCR, Vol. 1, pg. 75-76).

On April 3, 2023, the petitioner submitted an *Application for Appointment of Counsel*, which was denied April 24, 2023 (SCR, Vol. 1, pg. 81-83). The text of the motion references a "Motion for Audio/Video Transcript" (SCR, Vol. 1, pg. 81), but no such motion is contained in the state court record. It seems that the "Motion for

Audio/Video Transcript" was filed and heard on May 15, 2023, under docket number 1880-M-1880 (concerning the misdemeanor offenses which were dismissed) rather than under docket number 1879-F-1880 (the docket number for the offense of conviction).[3]

On May 22, 2023, the petitioner filed with the district court a motion for production of the transcript of the proceedings held May 15, 2023  (SCR, Vol. 1, pp. 85-87).

On May 29, 2023, the petitioner filed a writ application with the First Circuit Court of Appeal concerning the denial of his Motion for Audio/Video Transcript. SCR, Vol. 6, pp. 1-4 (First Circuit docket number 2023-KW-0537).

While this writ application was pending, the district court granted the petitioner's motion for production of the May 15 transcript. SCR, Vol. 1, pg. 88.

On August 14, 2023, the writ application docketed as 2023-KW-0537 was denied "on the showing made" due to the petitioner's failure to include the documents necessary for evaluation of the petitioner's claims. SCR, Vol. 6, pp. 5-6.

On August 28, 2023, the petitioner filed a writ application with the First Circuit Court of Appeal concerning the production of the transcript of the proceedings from May 15, 2023—specifically, the district court had ordered the production of the transcript, but the petitioner had not yet received the transcript. This was docketed as case number 2023-KW-0836 (SCR, Vol. 7, pp. 1-4). The First Circuit Court  of

---

3  See SCR, Vol. 1, pg. 91 (copy of minute entry dated May 15, 2023, which bears docket number 1880-M-2021); id. at 90 (copy of correspondence from district court clerk, informing petitioner that the minute entry from May 15, 2023 is enclosed and also informing him that "our office is unable to provide a minute entry for case 1879-F-2021, due to no Motion for Audio and Video Transcript being filed into the case [bearing that docket number]"). See also SCR, Vol. 1, pg. 14 (copy of summons listing related misdemeanor offenses); SCR, Vol. 1, pg. 103, lines 26-32 (portion of transcript of plea colloquy where prosecutor dismissed those misdemeanor offenses).

Appeal granted this writ application on October 23, 2023, and transferred it to the district court "for enforcement of its June 7, 2023 order in which it granted relator's Motion for Transcript" (SCR, Vol. 7, pg. 10).

## TIMELINESS

The respondent does not allege that habeas corpus petition was filed untimely.

## EXHAUSTION AND PROCEDURAL DEFAULT

The respondent does not allege that the petitioner's claims are unexhausted or in procedural default. The respondent recognizes that an exhaustion argument could be made, but chooses not to make that argument. *See* 28 U.S.C. § 2254(b)(2), (b)(3).

## MERITS REVIEW

### I.

Cook's claim was adjudicated on the merits. *See* SCR, Vol. 1, pg. 71 & n. 1 (finding the petitioner's claim to have been waived by the entry of his guilty plea, citing *Tollett v. Henderson*, 411 U.S. 258 (1973)); *then see* SCR Vols. 3, 4, 5 (denial of writs by higher courts without additional commentary); *see also Wilson v. Sellers*, 584 U.S. —, 138 S. Ct. 1188 (2018) (habeas "look through" doctrine).

Because the Court is familiar with AEDPA's standards governing merits review, the respondent need not and does not expound upon those standards.

### II.

Under *Tollett v. Henderson*, when a criminal defendant pleads guilty, he may not thereafter raise "independent claims relating to the deprivation of rights that occurred prior to entry of the guilty plea." 411 U.S. 258, 267 (1973).

Again, the petitioner's claim reads as follows:

> I was charged with Misdemeanor D.W.I. It was enhanced to 4th Subsequent. When I went to Misdemeanor Court Judge Labello stated (he was supposed to have me rearrested and booked with a felony. However, Since I was in Re-hab he Verbally Sent me back to Re-hab and to return in 30 days) prepared to be rearrested. (Due Process) This did not happen. I was detained by parole officer then put before Judge Swartz felony court. I took plea because I knew it was no good, I've been fighting the Conviction Since to no avail. "Transcripts changed" "motions" to Judge Labell blocked. motion for Audio on altered transcripts denied. And now Transcripts on hearing for Audio not being produced because it will show the crimes committed by the Court of the 22nd Judicial to keep an unconstitutional Conviction.
>
> Thank you    Mitchell Cook

Rec. Doc. 3-1, pg. 1.

The pertinent context facts are as follows. The defendant was involved in a single-car accident. He was, when encountered by officers on the scene, "belligerent and emotional." SCR, Vol. 1, pp. 65-66 (police report). The investigating officer handcuffed him, put him in the back of a police car, and brought him to the Slidell Police Department. *Id.*, pg. 66. Ultimately, however, the officer did not book him into the jail: "After completing the necessary paperwork Cook was released on a

summons." *Id.*, pg. 67; *see also* SCR, Vol. 1, pg. 14 (copy of summons).

The summons directed the petitioner to appear in court on April 23, 2021.
SCR, Vol. 1, pg. 14. The petitioner claims that he "went to misdemeanor court" and
spoke to "Judge Lobello." Rec. Doc. 3-1, pg. 1. This is consistent with the state court
record: there is a minute entry dated April 23, 2021, with the "location" listed as
"misdemeanor courtroom", in which the presiding judge is listed as "Hon. Vincent J.
Lobello." SCR, Vol. 1, pg. 2. It is also consistent with the fact that the summons
listed only misdemeanor offenses, including but not limited to first-offense DWI
("14:98 1st offense"). SCR, Vol. 1, pg. 14.

The minutes reflect: "Court continued arraignment and Motion to Set Bond
to May 19, 2021." SCR, Vol. 1, pg. 2.[1] According to the petitioner, "Judge Lobello
stated he was supposed to have me rearrested and booked with a felony," and
"[t]his did not happen." Rec. Doc. 3-1, pg. 1.

The state court record, when viewed alongside the petitioner's claims,
indicates that Judge Lobello's statement to him was made on April 23, 2021 (SCR,
Vol. 1, pg. 2). The state court record reflects that the petitioner pleaded guilty on
November 8, 2021 (SCR, Vol. 1, pp. 11-12, 48, 97-121).

---

1   The issue of bond arose because the petitioner was arrested for violating the terms of his parole. That
    is, even though the investigating officer issued a summons, the petitioner's parole officer later
    arrested him because the conduct underlying the summons violated the conditions of parole. See SCR,
    Vol. 1, pg. 43 (pro se pleading indicating that the petitioner was "detained by parole officer" upon
    appearing in court on April 23, 2021); *see also id.* at pg. 50 (describing this state of affairs as
    "skullduggery").

## III.

The respondent agrees that the defendant was not "booked" anew after the district attorney instituted prosecution for fourth-offense DWI.

This was not, as the petitioner claims, a constitutional violation. The Constitution has nothing to say about minutiae of booking when the prosecutor proceeds with a different statutory violation ( 4th offense DWI) than the one alleged by the officer who encountered the defendant on the street (1st offense DWI).

But even if it were a constitutional violation, this claim is one "relating to the deprivation of rights that occurred prior to entry of the guilty plea," *Tollett v. Henderson, supra,* because the claim arises from events occurring <u>April 23, 2021</u> and the guilty plea was entered <u>November 8, 2021</u>.

The applicable jurisprudence provides:

> It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *Barnes v. Lynaugh,* 817 F.2d 336, 338 (5th Cir.1987). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry,* 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart,* 474 U.S. 52, 58 (1985); *Haring v. Prosise,* 462 U.S. 306, 320 (1983); *Tollett,* 411 U.S. at 267; *Barnes,* 817 F.2d at 338.

*Matthew v. Johnson,* 201 F.3d 353, 364 (5th Cir. 2000).

The petitioner's claim does not does not challenge the power of the State to bring him into court. He otherwise does not suggest that his plea lacks any of the characteristics that the Supreme Court has held make up a voluntary and

intelligent plea. The state courts therefore correctly ruled that the petitioner's claim is barred by the entry of his guilty plea.

The petitioner fails to demonstrate that the state court's denial of relief issue was contrary to, or an unreasonable application of, clearly established federal law. There is no merit to the petitioner's sole claim for habeas relief.

## IV.

Finally, to the extent that the petitioner complains about the denial of the production of the audio recordings of the April 23, 2021 proceedings, that complaint does not provide a basis for the granting of habeas corpus relief because "infirmities in state postconviction proceedings are not grounds for relief under § 2254." *In re Palacios*, 58 F.4th 189, 190 & n. 9 (5th Cir. 2023).

## CONCLUSION AND PRAYER

The petitioner fails to demonstrate that he is entitled to habeas corpus relief. The respondent respectfully prays that the Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading by sending it via

USPS first-class mail, addressed as follows:

>           Mitchell P. Cook, DOC # 402967
>           Dixon Correctional Institute
>           P.O. Box 788
>           Jackson, LA 70748
>           *Petitioner, pro se*

This the <u>3rd</u> day of <u>January</u>, 20<u>23</u>, at Covington, Louisiana.

>                         /s/ Matthew Caplan
>                         Matthew Caplan, #31650
>                         Assistant District Attorney



Office Of The Clerk

## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

**Rodd Naquin**
**Clerk of Court**

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition

January 09, 2024

Docket Number:  2023 - KW - 1197

State Of Louisiana
       versus
Mitchell P. Cook

TO:   Mitchell P. Cook                    Warren LeDoux Montgomery
      Dixon Correctional Institute        22nd JDC District Attorney
      P.O. Box 788 Unit 3/Dorm 9          701 N. Columbia Street
      Jackson, LA 70748                    Covington, LA 70433
                                          wmontgomery@22da.com

      Hon. Richard A. Swartz
      701 N. Columbia Street
      Justice Center
      Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                    NO. 2023 KW 1197

VERSUS

MITCHELL PAUL COOK                             **JANUARY 9, 2024**

---

In Re:   Mitchell Paul Cook, applying for supervisory writs,
         22nd Judicial District Court, Parish of St. Tammany,
         Nos. 1880-M-2021, 1879-F-2021.

---

**BEFORE:   THERIOT, PENZATO, AND GREENE, JJ.**

    **WRIT GRANTED.**   The district court is ordered to direct the
court reporter to prepare the transcript of the May 15, 2023,
hearing conducted on relator's motion for transcripts and to
file the transcript with the Clerk of Court for the 22nd
Judicial District Court, Parish of St. Tammany, on or before
February 9, 2024. The Clerk of Court is then ordered to forward
said transcript to relator on or before February 15, 2024.

                              **MRT**
                              **AHP**
                              **HG**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT



*Melissa R. Henry*

**CLERK OF COURT**
22nd Judicial District Court
Parish of St. Tammany

January 03, 2024

**MITCHELL PAUL COOK**
**DOC # 402967**
**DIXON CORRECTIONAL**
**P.O. BOX 788 U-3 D-9**
**JACKSON LA 70748**

                                **DIVISION C**
         **RE:**    **STATE OF LOUISIANA**
                                **VS. #1880-M-2021**
                                **MITCHELL PAUL COOK**

Dear Sir/Madam:

Enclosed please find the copy of the requested May 15, 2023 Transcript, which was filed into the above captioned matter.

                                Very Truly Yours,

                                Shawna Berggren

                                Deputy Clerk

**Your request has been sent to you at no cost, however, if you wish for extra copies of these documents, advance payment must be made. We will be happy to provide you with requested filed documents that are not sealed by operation of law or the Court for a cost of $.50 per page, certified copies of minute entries for a cost of $10.00 per entry and any applicable out-of-pocket postage fees, payment of which must be received in advance by certified funds.**

**P.O. Box 1090 · Covington LA 70434 · (985) 809-8700**

1          TWENTY-SECOND JUDICIAL DISTRICT COURT

2              PARISH OF ST. TAMMANY

3              STATE OF LOUISIANA

**FILED**

**DEC 2 9 2023**

MELISSA R. HENRY - CLERK
*Shawna M Berggren*
DEPUTY
Shawna M. Berggren, Deputy Clerk

6   STATE OF LOUISIANA

7   VERSUS              NO. 1880-M-2021

8   MITCHELL COOK

11  * * * * * * * * * * * * * * * * * * * * * * * *

14       TRANSCRIPT OF PROCEEDINGS taken before the
Honorable Richard A. Swartz, Jr., Judge Presiding,
Division "C", Twenty-Second Judicial District Court,
Parish of St. Tammany, State of Louisiana, on the
15th day of May, 2023, in Covington, Louisiana.

18  APPEARANCES:

20      ZACH POPOVICH, ESQ.
        (ASSISTANT DISTRICT ATTORNEY)

22      MITCHELL COOK, IN PROPER PERSON

27  REPORTED BY:

      Mary Broom Gressaffa, RPR, CCR
      Official Court Reporter
      Certificate No. 93016

**ORIGINAL**

1

```
1      THE COURT:
2              I'm going to need the record on
3      Mr. Cook.
4              Mr. Cook, come on up.
5              This is State of Louisiana versus
6      Mitchell Cook, Docket No. 1879-F-2021.
7              Mr. Cook has filed a motion for
8      production of the audio and video
9      transcript from his guilty plea
10     proceedings; is that correct?
11     MR. COOK:
12             No, sir.  From April 23, 2021, with
13     Judge Lobello, sent me back to rehab for
14     30 days.  Instead of rearresting me, he
15     gave me a break.  He said:  I'm supposed
16     to rearrest you, but I'm going to send you
17     back to rehab for 30 days; be prepared to
18     bond out when you come back.
19             And I got the transcript from that.
20     My whole conversation is omitted.  And
21     they changed it and added stuff to it,
22     trying to change the jurisdiction, which
23     is oddly not the overturned conviction
24     that I pled to.
25     THE COURT:
26             Okay.  So this is -- I have that
27     copy of that transcript right here.
28     April 23, 2021, that's what you're talking
29     about?
30     MR. COOK:
31             Correct.  That's the audio I'm
32     trying to get to show this is incorrect
```

*(Handwritten annotations in left margin: "This Transcript is also altered to Cover up the Cover up."  "changed →" pointing to lines 23-24)*

2

```
 1              and fabricated, for some reason or
 2              another, which I just said the reason --
 3    THE COURT:
 4              It's been certified by the court
 5              reporter.  And unfortunately for you,
 6              Mr. Cook, audio transcripts are not public
 7              records, and you're not entitled to it.
 8    MR. COOK:
 9              Okay.  And I also attempted to just
10              clarify something with Judge Lobello, and
11              I've been blocked on several occasions
12              with trying to just to get Judge Lobello
13              to clarify what he told me that day in
14              court.  And everything that I sent to the
15              clerk of court, one came back from you
16              saying that it was sent to you from Judge
17              Lobello, they sent it to you.
18    THE COURT:
19              Right.
20    MR. COOK:
21              Another clerk of court sent back and
22              said they're going to clear up the
23              misunderstanding, that this is a Division
24              C case, not a Judge Lobello case.  But he
25              was the presiding judge.  And he didn't
26              clarify what he said because of the
27              difference in this.
28    THE COURT:
29              Well, actually I was the sentencing
30              judge in your case, Mr. Cook.
31    MR. COOK:
32              Correct.
```

*[handwritten annotation:] Words changed to make me sound stupid*

3

1    THE COURT:

2         Apparently -- in fact, the

3    proceedings that you're talking about was

4    in a misdemeanor matter.

5    MR. COOK:

6         Correct.

7    THE COURT:

8         And I don't think he ever sentenced

9    you in any way --

10   MR. COOK:

11        No, he did not sentence me.  He just

12   said the charges are upgraded and I'm

13   supposed to have you rearrested.  And I

14   said I'm in rehab.  He viewed my papers.

15   He said:  Well, can you bond out?  I said:

16   No, sir.  He said:  Well, I'll tell you

17   what.  He said:  Go back to rehab; come

18   back in 30 days; prepared to bond out.  He

19   gave me a break.

20        However, they had a scheme going on

21   with the parole officers, when I was

22   letting them know what was going on, they

23   assumed I was rearrested, bonded out, and

24   they was going to rearrest me again,

25   detain me.  So that's where the mixup --

26   got mixed up with.  I never did go back to

27   the rehab like I was supposed to, like I

28   was told to by the judge.  So jurisdiction

29   never changed.

30        And then all of a sudden I got put

31   into jail and then put in another

32   courtroom.  That was yours.  So I took

*[Handwritten annotations: "Jurisdiction Never Changed", "P.o. Never called the Court or showed up for Court", "only detained for Parole hold.", and the word "rearrest" is circled]*

4

*"I knew" were my words*

1      that plea because, my understanding, that

2      I was under his jurisdiction so the plea

3      would be invalid.

4   THE COURT:

5           Well, see, he never had the case      *Irrelevant*

6      allotted to him.  And this was in the

7      docket number 1880-M-2021, which is a

8      misdemeanor case.

9   MR. COOK:

10          Correct.

11  THE COURT:

12          But then they billed you with a

13     felony case --

14  MR. COOK:

15          Correct.

16  THE COURT:

17          -- dismissed this misdemeanor case,

18     and prosecuted you on the felony case.

19     That's what the State of Louisiana

20     determined to do.

21          And if you have some objection to

22     that -- I don't know if you've tried

23     filing for post-conviction relief --

24  MR. COOK:

25          I did, I did.

26  THE COURT:

27          And it was denied, I think?

28  MR. COOK:

29          It was denied.

30  THE COURT:

31          Yes.

32  MR. COOK:

```
 1              Because the misdemeanor wasn't
 2         dismissed until another charge -- until
 3         after I took a plea.  So --
 4    THE COURT:
 5              And I'm not going -- I can't really
 6         give you legal advice or tell you what my
 7         interpretation of the law is.
 8    MR. COOK:
 9              Right.
10    THE COURT:
11              You have to talk to a lawyer.  All I
12         can do today -- and I think you saw that I
13         quashed your request for subpoenas
14         involving all of the judges and attorneys?
15    MR. COOK:
16              Correct.
17    THE COURT:
18              Because you didn't comply with the
19         Code of Evidence requirements.
20    MR. COOK:
21              Correct.
22    THE COURT:
23              And all we have is this transcript
24         from Ms. Jenkins.  And that's all she
25         could testify to anyway.
26    MR. COOK:
27              Right.  And I agree with that.
28    THE COURT:
29              So, you know, you could talk to
30         another lawyer about your situation.  But
31         at this point under Louisiana law the
32         audio is simply an aid for the Court and
```

6

```
1                    the court reporter and is not a public
2                    record.  And we don't have a video of what
3                    took place.
4          MR. COOK:
5                         Uh-huh (affirmative response.)
6          THE COURT:
7                         So you're not entitled to get that.
8                    And I'm going to deny your motion.
9          MR. COOK:
10                        Okay.  Would it be an objection to
11                   you if I submitted a second application
12                   for post-conviction relief?
13         THE COURT:
14                        If you're allowed to under the law,
15                   I mean, that's -- you might -- you could
16                   do that.  And I would have to review, I
17                   guess, what you filed, to see if it would
18                   be allowed under the law.
19         MR. COOK:
20                        All right.  Thank you.
21         THE COURT:
22                        Yes, sir.
23
24                    * * * * * * * *
25
26
27
28
29
30
31
32
```

*(handwritten note:)* In this section the Judge's words were omitted. He stated "with venom." If you want the Audio "Get a lawyer")

1    <u>REPORTER'S CERTIFICATE</u>

2        This certificate is valid only for a transcript

3    accompanied by my original signature and original

4    required seal on this page.

5        I, Mary Broom Gressaffa, Official Court

6    Reporter, in and for the State of Louisiana, employed

7    as an official court reporter by the Twenty-Second

8    Judicial Court for the State of Louisiana, as the

9    officer before whom this testimony was taken, do

10   hereby certify that this testimony was reported by me

11   in the stenotype reporting method, was prepared and

12   transcribed by me or under my direction and

13   supervision, and is a true and correct transcript to

14   the best of my ability and understanding, that the

15   transcript has been prepared in compliance with

16   transcript format guidelines required by statute or

17   by rules of the board or by the Supreme Court of

18   Louisiana, and that I am not related to counsel or to

19   the parties herein nor am I otherwise interested in

20   the outcome of this matter.

21

22   _____

23   Mary Broom Gressaffa, RPR, CCR
     Certified Court Reporter
24   Certificate No. 93016

25       <u>CERTIFICATE OF FILING</u>

26       I hereby certify that the foregoing transcript

27   has been submitted to the Clerk of Court's Office for

28   filing into the record on the _29_ day of

29   December 2023

30

31   _____

32   Mary Broom Gressaffa, RPR, CCR
     Certified Court Reporter

8

## III.

The respondent agrees that the defendant was not "booked" anew after the district attorney instituted prosecution for fourth-offense DWI.

This was not, as the petitioner claims, a constitutional violation. The Constitution has nothing to say about minutiae of booking when the prosecutor proceeds with a different statutory violation ( 4th offense DWI) than the one alleged by the officer who encountered the defendant on the street (1st offense DWI).

But even if it were a constitutional violation, this claim is one "relating to the deprivation of rights that occurred prior to entry of the guilty plea," *Tollett v. Henderson, supra*, because the claim arises from events occurring April 23, 2021 and the guilty plea was entered November 8, 2021.

The applicable jurisprudence provides:

> It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Barnes v. Lynaugh*, 817 F.2d 336, 338 (5th Cir.1987). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267; *Barnes*, 817 F.2d at 338.

*Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000).

The petitioner's claim does not does not challenge the power of the State to bring him into court. He otherwise does not suggest that his plea lacks any of the characteristics that the Supreme Court has held make up a voluntary and

13 of 15

intelligent plea. The state courts therefore correctly ruled that the petitioner's claim is barred by the entry of his guilty plea.

The petitioner fails to demonstrate that the state court's denial of relief issue was contrary to, or an unreasonable application of, clearly established federal law. There is no merit to the petitioner's sole claim for habeas relief.

## IV.

Finally, to the extent that the petitioner complains about the denial of the production of the audio recordings of the April 23, 2021 proceedings, that complaint does not provide a basis for the granting of habeas corpus relief because "infirmities in state postconviction proceedings are not grounds for relief under § 2254." *In re Palacios*, 58 F.4th 189, 190 & n. 9 (5th Cir. 2023).

## CONCLUSION AND PRAYER

The petitioner fails to demonstrate that he is entitled to habeas corpus relief. The respondent respectfully prays that the Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing pleading by sending it via

USPS first-class mail, addressed as follows:

> Mitchell P. Cook, DOC # 402967
> Dixon Correctional Institute
> P.O. Box 788
> Jackson, LA 70748
> *Petitioner, pro se*

This the <u>3rd</u> day of <u>January</u>, 20<u>23</u>, at Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney