# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MITCHELL P. COOK**                                        **CIVIL ACTION**

**VERSUS**                                                          **NO. 23-6460**

**DUSTIN BICKHAM, WARDEN**                          **SECTION: "R"(1)**

## REPORT AND RECOMMENDATION

Petitioner, Mitchell P. Cook, a Louisiana state prisoner, filed this federal habeas corpus application seeking relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

On November 8, 2021, petitioner pleaded guilty to operating a motor vehicle while intoxicated, fourth or subsequent offense, and he was sentenced to a term of ten years imprisonment without benefit of probation, parole, or suspension of sentence.[1]

On December 9, 2021, petitioner filed an application for post-conviction relief with the state district court.[2]  That application was denied on the merits on February 16, 2022.[3]  The Louisiana First Circuit Court of Appeal then denied petitioner's related writ application on July 5, 2022,[4] and he did not seek further review by the Louisiana Supreme Court.

---

[1] Rec. Doc. 9-1, pp. 11, 48, and 97-121.

[2] Id. at pp. 49-54.  For the filing, petitioner improperly utilized the form to be used by prisoners seeking federal habeas corpus relief.

[3] Id. at p. 71.  Prior to the district court's ruling, petitioner filed a related writ of mandamus with the Louisiana First Circuit Court of Appeal.  Rec. Doc. 9-3, pp. 1-7.  That writ application was denied.  Id. at p. 9; State v. Cook, No. 2022 KW 0109, 2022 WL 1469498 (La. App. 1st Cir. May 9, 2022).  Petitioner then filed a related writ application with the Louisiana Supreme Court.  Rec. Doc. 9-5, pp. 2-10.  That writ application was likewise denied.  Id. at p. 1; State v. Cook, 348 So. 3d 725 (La. 2022).

[4] Rec. Doc. 9-4, p. 7; State v. Cook, No. 2022 KW 0280, 2022 WL 2440728 (La. App. 1st Cir. July 5, 2022).

Petitioner thereafter filed the instant application seeking federal habeas corpus relief.[5]  The respondent filed a response arguing that this Court should deny relief on the merits.[6]  Petitioner filed a reply to that response.[7]

### Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).  To that end, the AEDPA incorporated a "relitigation bar" in 28 U.S.C. § 2254(d), see Langley v. Prince, 926 F.3d 145, 155 (5th Cir. 2019), which requires federal courts to accord a high degree of deference to state court decisions denying a prisoner's claims on the merits.

Regarding § 2254(d), the United States Fifth Circuit Court of Appeals has explained:

In enacting that provision, Congress imposed strict limitations on federal courts considering habeas applications from state prisoners.  See, e.g., Harrington v. Richter, 562 U.S. 86, 102, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); Langley v. Prince, 926 F.3d 145, 155 (5th Cir. 2019) (en banc), cert. denied, ___ U.S. ____, 140 S. Ct. 2676, 206 L.Ed.2d 826 (2020) (mem.); see also Shinn v. Kayer, ___ U.S. ___, 141 S. Ct. 517, 526, ___ L.Ed.2d ___ (2020) (per curiam) ("Under AEDPA, state courts play the leading role in assessing challenges to state sentences based on federal law.").  "To overcome AEDPA's relitigation bar, a state prisoner must shoehorn his claim into one of its narrow exceptions."  Langley, 926 F.3d at 155; see 28 U.S.C. § 2254(d)(1)-(2).

Lucio v. Lumpkin, 987 F.3d 451, 467 (5th Cir. 2021) (textual alteration removed).

The Fifth Circuit has observed that there are three such exceptions:

The statute provides three exceptions to the general relitigation bar.  A petitioner may obtain federal habeas relief on a claim that has been litigated in state court if the petitioner can show that the state court's decision was **contrary to** a federal law

---

[5] Rec. Doc. 3.
[6] Rec. Doc. 10.  In so doing, the respondent expressly acknowledges that he is choosing not to raise procedural defenses concerning timeliness, exhaustion, or procedural default.  Id. at p. 10.
[7] Rec. Doc. 11.

that was clearly established in Supreme Court holdings, that the decision was an **unreasonable application** of such law, or that the decision was based on an **unreasonable factual determination**.

Williams v. Thaler, 684 F.3d 597, 602 (5th Cir. 2012) (emphasis added).

The "contrary to" exception is found in 28 U.S.C. § 2254(d)(1).  Regarding the exception, the Fifth Circuit has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases.  A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir. 2010) (footnotes, quotation marks, ellipses, and brackets omitted).  The "contrary to" exception is narrow and "does not apply" "in most AEDPA cases."  Langley, 926 F.3d at 155-56.

The "unreasonable application" exception, which is likewise found in 28 U.S.C. § 2254(d)(1), is more often litigated but "almost equally unforgiving."  Id. at 156.  Concerning that exception, the United States Supreme Court has explained:  "[A] state-court decision is an unreasonable application of our clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case."  White v. Woodall, 572 U.S. 415, 426 (2014).  But the Supreme Court expressly cautioned:

> Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error.  Thus, if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision.   AEDPA's carefully constructed framework would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.

Id. (citations and quotation marks omitted).

Further, for that "unreasonable application" exception to apply, "a prisoner must show far more than that the state court's decision was 'merely wrong' or 'even clear error.'" Kayer, 141 S. Ct. at 523 (quoting Virginia v. LeBlanc, 582 U.S. 91, 94 (2017)); see also Bell, 535 U.S. at 694 ("[A]n unreasonable application is different from an incorrect one."). Indeed:

> "[T]he [AEDPA's] relitigation bar forecloses relief unless the prisoner can show the state court was *so* wrong that the error was well understood and comprehended in existing law beyond any possibility for fairminded disagreement. In other words, **the unreasonable-application exception asks whether it is beyond the realm of possibility that a fairminded jurist could agree with the state court.**

Langley, 926 F.3d at 156 (boldface emphasis added; citations and quotation marks omitted). "Under AEDPA's relitigation bar, the very existence of reasonable disagreement forecloses relief." Id. at 170.

The third exception, which is found in 28 U.S.C. § 2254(d)(2), concerns a state court's factual determinations. Under that exception, a federal court shall not grant relief with respect to any claim adjudicated on the merits in state court proceedings "unless the adjudication of the claim … resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). See also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

Regarding these standards of review, the Fifth Circuit recently emphatically reiterated:

> "When Congress supplies a constitutionally valid rule of decision, federal courts *must* follow it." Brown v. Davenport, ___ U.S. ___, 142 S. Ct. 1510, 1520, 212 L.Ed.2d 463 (2022) (emphasis added). "In AEDPA, Congress announced such a rule." Id. Congress "designed [AEDPA] to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Richter, 562 U.S. at 103, 131 S.Ct. 770. AEDPA's deference to state court

4

decisions means *deference*, not *de novo*.  Federal habeas review is "not a substitute for ordinary error correction through appeal."  Id. at 102-03, 131 S.Ct. 770.  "[I]f AEDPA makes winning habeas relief more difficult, it is because Congress adopted the law to do just that."  Davenport, 142 S. Ct. at 1526.

Russell v. Denmark, 68 F.4th 252, 273 (5th Cir. 2023), cert. denied, No. 23-5410, 2024 WL 72074 (U.S. Jan. 8, 2024).

In summary, "AEDPA prevents defendants – **and federal courts** – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, 559 U.S. 766, 779 (2010) (emphasis added).  And the Supreme Court has expressly warned that although "some federal judges find [28 U.S.C. § 2254(d)] too confining," it is nevertheless clear that "all federal judges must obey" the law and apply the strictly deferential standards of review mandated therein.  Woodall, 572 U.S. at 417.

### Petitioner's Claim

In his federal application, petitioner claims that his right to due process was violated when, after initially appearing in misdemeanor court, he was then brought to felony court without first being rearrested and booked with a felony.[8]

In the response filed in this proceeding, "[t]he respondent agrees that the [petitioner] was not 'booked' anew after the district attorney instituted prosecution for fourth-offense DWI."[9]  That said, the respondent argues that petitioner is not entitled to habeas corpus relief, advancing two arguments.  First, the respondent argues that any failure to "re-book" petitioner did not rise to the level of a constitutional violation, opining that "[t]he Constitution has nothing to say about minutiae of booking when the prosecutor proceeds with a different statutory violation (4th offense DWI) than the one alleged by the officer who encountered the [petitioner] on the street (1st offense

---

[8] Rec. Doc. 3-1, p. 1.
[9] Rec. Doc. 10, p. 13.

DWI)."[10]   The respondent further argues that even if the foregoing failure were a constitutional violation, habeas corpus relief would still be unwarranted because such antecedent non-jurisdictional defects are no longer reviewable after an individual pleads guilty.[11]

On habeas review, a federal court must focus its attention on "the last **reasoned** state court decision" which addressed the claim being asserted.  Batchelor v. Cain, 682 F.3d 400, 405 (5th Cir. 2012) (emphasis added).  With respect to the claim at issue here, the last reasoned decision was that of the district judge in the post-conviction proceedings.  In his decision, the state district judge denied the claim, holding:  "The Court finds that the claims urged by the Defendant are non-jurisdictional in nature and have been waived by the entry of the guilty plea."[12]   Although petitioner then sought review of that decision by the Louisiana First Circuit Court of Appeal,[13] that court denied his writ application **without assigning reasons**.[14]   Therefore, this Court simply "looks through" that decision to – once again – the district court's decision.  Woodfox v. Cain, 772 F.3d 358, 369 (5th Cir. 2014) ("Using the 'look through' doctrine, we ignore – and hence, look through – an unexplained state court denial and evaluate the last reasoned state court decision." (quotation marks omitted)); Bledsue v. Johnson, 188 F.3d 250, 256 (5th Cir. 1999) ("When one reasoned state court decision rejects a federal claim, subsequent unexplained orders upholding that judgment or rejecting the same claim are considered to rest on the same ground as did the reasoned state judgment.").  Although petitioner could have sought further review by filing a related writ application with the Louisiana Supreme Court, he did not do so.  Nevertheless, the AEDPA's deferential standards apply even where, as here, a petitioner opts to forgo review by a state's

---

[10] Id.
[11] Id.
[12] Rec. Doc. 9-1, p. 71.
[13] Rec. Doc. 9-4, pp. 1-5.
[14] Id. at p. 7; State v. Cook, No. 2022 KW 0280, 2022 WL 2440728 (La. App. 1st Cir. July 5, 2022).

highest court.  See Brian R. Means, Federal Habeas Manual § 3:21 (2023) ("The deference afforded by § 2254(d)(1) is not limited to adjudications by the state's highest court, but includes adjudications by state intermediate appellate and trial courts."); see also Spikes v. Louisiana, Civ. Action No. 18-08884 c/w Nos. 18-09422, 18-10470, and 18-13668, 2019 WL 3308402, at *11 n.30 (E.D. La. May 28, 2019), adopted, 2019 WL 2432085 (E.D. La. June 11, 2019).

Here, therefore, the AEDPA's deferential standards of review apply, and those standards require this federal court to defer to the state court decision unless that decision was contrary to or an unreasonable application of clearly established federal law.  It was not.  As noted, the state court denied petitioner's claim because it alleged a non-jurisdictional defect that had been waived by the entry of his guilty plea.  That holding is fully consistent with clearly established federal law.  In fact, "[i]t has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights."  Matthew v. Johnson, 201 F.3d 353, 364 (5th Cir. 2000); accord United States v. Owens, 996 F.2d 59, 60 (5th Cir. 1993) ("By pleading guilty to an offense, ... a criminal defendant waives all non-jurisdictional defects preceding the plea.").  As the United States Supreme Court has explained:

> **[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.**  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).[15]

---

[15] It is therefore true that a limited exception to this general waiver exists with respect to certain claims of ineffective assistance of counsel.  Specifically, as the United States Fifth Circuit Court of Appeals has explained:  "[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived.  This includes all claims of ineffective assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness

Here, the transcript shows that petitioner entered an unconditional guilty plea to the felony offense of operating a motor vehicle while intoxicated, fourth or subsequent offense, freely admitting that he in fact committed the charged crime.[16]  As a result, his current claim alleging that his rights were violated by events that purportedly occurred prior to the entry of that plea simply is not cognizable.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Mitchell P. Cook be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___14th___ day of February, 2024.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

of the giving of the guilty plea."  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (citations omitted).  However, this limited exception does not aid petitioner, because he asserts no such claim.
[16] Rec. Doc. 9-1, pp. 97-121.