UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MITCHELL P. COOK                                           CIVIL ACTION

VERSUS                                                        NO. 23-6460

DUSTIN BICKHAM                                          SECTION "R" (1)


**<u>ORDER</u>**

In November 2023, Mitchell Cook filed a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] The petition was referred to Magistrate Judge Janis van Meerveld, who issued a Report and Recommendation ("R&R"), recommending dismissal of the petition with prejudice on the grounds that Cook does not present any claim for relief cognizable by a federal court sitting in habeas.[2] Cook filed an objection in which he alleges that the District Attorney and certain judges in the Twenty-Second Judicial District Court for the Parishes of St. Tammany and Washington entered into a conspiracy to violate Cook's constitutional rights by changing the judge presiding over his case.[3] Cook contends that because his case was transferred from misdemeanor court to felony court without

---

[1]      R. Doc. 3.
[2]      R. Doc. 13.
[3]      R. Doc. 14.

him first being rearrested and booked with a felony, the felony court lacked jurisdiction to hear his guilty plea.[4]

Cook's objections are meritless.  "[A] valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights."  *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000).  In Louisiana, district courts have jurisdiction over felony prosecutions.  La. Const., art. V, § 16.  The record reflects that the District Attorney for the 22nd Judicial District of the State of Louisiana issued a one count felony bill of information charging Cook with fourth or subsequent operating a vehicle while intoxicated.[5]

The bill of information alleged that the events described therein occurred within the jurisdiction of the 22nd Judicial District.[6]  Cook does not challenge this bill of information.  *See State v. Jackson*, 916 So. 2d 1015, 1020 (La. 2005) (affirming trial court had jurisdiction over felony prosecution because "[t]here is no concern . . . that prosecution was not validly instituted by bill of information that provided the accused with an intelligent and full understanding of the charges against him").  Cook also does not contend that his guilty plea was not knowingly, voluntarily, and intelligently entered.  *See*

---

[4]      *Id.*
[5]      R. Doc. 9-1 at 13.
[6]      *Id.*

*United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (holding that federal habeas petitioner's challenge to alleged pre-guilty plea defect was not cognizable and noting that defendant did not challenge whether his plea was knowingly, voluntarily, and intelligently entered). Cook's arguments simply do not relate to the jurisdiction of the felony court to hear his plea. Thus, he presents no habeas claims cognizable by this Court. The Court therefore overrules Cook's objections and adopts Magistrate Judge van Meerveld's R&R as its opinion.

Accordingly, the Court orders Cook's petition DISMISSED WITH PREJUDICE.

## **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

3

issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 475 (2000)).  For the reasons stated in this Court's Order and in Magistrate Judge van Meerveld's R&R, the Court finds that Cook's petition fails to satisfy this standard.  Thus, the Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __30th__ day of April, 2024.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE